

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 28, 1972

Hon. Jimmy Morris
Criminal District Attorney
Navarro County Courthouse
P. O. Box 1143
Corsicana, Texas   75110

Opinion No. M- 1087

Re: Whether the Criminal District
Attorney of Navarro County may
become a member of the State
Retirement System, pursuant to
Article 6228a, Vernon's Civil
Statutes, or the District and
County Retirement System, pur-
suant to Article 6228g, Vernon's
Civil Statutes.

Dear Mr. Morris:

Your recent letter requesting the opinion of this office
concerning the referenced matter states, in part, as follows:

"The Criminal District Attorney of Navarro
County is paid entirely from State funds.   Art.
326k-63.   Navarro County does not supplement the
salary.

"Which retirement system may the Criminal
District Attorney of Navarro County join--the
'State' (art. 6228a) or the 'District and
County' (art. 6228g)?"

Section 3(B)(1) of Article 6228a, Vernon's Civil Statutes,
which is the Act establishing the Employees Retirement System of
Texas, provides as follows:

"The membership of said Retirement System
shall be composed of any elective state official
or appointee in an elective office of the state,
including all elected or appointed members of
the State Legislature, or elected by the members
of either or both houses of the State Legislature,
and also including District Attorneys receiving
salaries paid by the State from the State General
Revenue Fund, but shall not include any elective
official in the Judicial, Education, District, or

-5310-

County, of the State of Texas other than those
expressed eligible as provided herein." (Em-
phasis added.)

The Texas County and District Retirement System is au-
thorized by Section 62(c) of Article XVI of the Constitution of
Texas. Pursuant to that constitutional provision, Article 6228g,
Vernon's Civil Statutes, was enacted and sets forth the requisites
and procedures for the County and District Retirement System. Sec-
tion 2(6) of Article 6228g defines "employee" as follows:

"'Employee' means any person who is cer-
tified by a subdivision as being regularly engaged
in the performance of the duties of an elective or
appointive office, or of any position of employment
with the subdivision, which office or position nor-
mally requires actual performance of duty during not
less than nine hundred (900) hours a year, and as
receiving compensation from the subdivision for the
performance of such duties. Upon the terms and
conditions set out in Section 11A, the term 'employee'
includes any person regularly engaged in the perform-
ance of the duties of an elective or appointive State
or district office who receives compensation, in ad-
dition to that received from the State of Texas, from
the county or counties in which he serves, and the
person with the approval of the respective subdivision
shall be entitled to participate in the System to the
extent of any additional compensation received from
the participating subdivisions. The term 'employee'
does not include any person as to any period of serv-
ice for which he would be eligible to be included in
or entitled to receive credit in . . . the Employees
Retirement System of Texas. . . ." (Emphasis added.)

Your office was established by Article 326k-63, Vernon's
Civil Statutes. Section 7 of that Article provides as follows:

"The criminal district attorney shall be com-
pensated for his services by the state in such manner
and in such amount as may be fixed by the general law
relating to the salary to be paid to district attorneys
by the state, and in addition his salary may be sup-
plemented by the commissioners court in such amount as
it deems advisable."

By your letter, you have advised us that, at present, your salary is paid solely out of State funds.

It is evident that you are not eligible for membership in the County and District Retirement System, inasmuch as you do not receive any compensation from Navarro County. See the underscored provisions of Section 2(6) of Article 6228g, supra.

Thus, the question remains as to whether you are eligible to participate in the Employees Retirement System of Texas. Section 3(B)(1) of Article 6228a, quoted supra, in setting forth those persons qualified for membership in that Retirement System, provides that the System shall include "District Attorneys receiving salaries paid by the State from the State General Revenue Fund. . ." District Attorneys paid by the State were included as being eligible for membership in the Employees Retirement System by the amendment in Acts 60th Legislature, Regular Session 1967, ch. 279, p. 668.

We must now consider whether you, as a criminal district attorney paid wholly with State funds, fall within the term "district attorneys" used in Article 6228g.

The term "criminal district attorney" has heretofore been defined by the Supreme Court of Texas. In Hill County v. Sheppard, 142 Tex. 358, 178 S.W.2d 261 (1944), that court stated as follows:

> "It will be noted that the Constitution [Article V, Section 21] refers to a county attorney, a district attorney, and a criminal district attorney. What is meant by a 'criminal district attorney' as used in the Constitution, and what is the difference, if any, between that office and the office of district attorney, and is the office of criminal district attorney a constitutional office?

> "* * *

> ". . . It is sufficient to say that when the Constitution is construed in the light of the statute above quoted [Art. 349, V.C.S.], it is our opinion that the term criminal district attorney refers to a class or kind of district attorneys, and that a criminal district attorney is a district attorney within the meaning of the Constitution.

"The office of District Attorney, includ-
ing that of criminal district attorney, is a
constitutional office, the duties and compen-
sation of which are provided for in Article V,
Section 21, of the Constitution above quoted.
. . ."  142 Tex. at 361-62, 178 S.W.2d at
262-63.  (Emphasis added.)

See, also, Jones v. Anderson, 189 S.W.2d 65 (Tex.Civ.App.
1945, error ref.), Neal v. Sheppard, 209 S.W.2d 388 (Tex.Civ.App.
1948, error ref.) and 20 Tex.Jur.2d 297, District Attorneys, Sec. 1.

In view of the foregoing authorities, we therefore hold
that you, as a criminal district attorney, paid entirely from State
funds, fall within the purview of the term "district attorney" used
in Article 6228a; accordingly, you are entitled to participate in
the Employees Retirement System of Texas.

We are further of the opinion that criminal district at-
torneys paid by a county are not entitled to participate in the Em-
ployees Retirement System of Texas.

## S U M M A R Y

The Criminal District Attorney of Navarro
County, who is paid entirely with State funds,
is a "district attorney" as that term is used
in Article 6228a, Vernon's Civil Statutes, and
is therefore entitled to participate in the Em-
ployees Retirement System of Texas.

The Criminal District Attorney of Navarro
County, who receives no compensation from the
County, is not entitled, pursuant to Article
6228g, Vernon's Civil Statutes, to participate
in the Texas County and District Retirement
System.

A criminal district attorney paid by a
county is not entitled to participate in the
Employees Retirement System.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

-5313-

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Grace
Bob Lattimore
Jim Swearingen
Roger Tyler

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant